## In re DRAKE et al.
### No. 31459.

District Court, W. D. Washington, N. D.
Feb. 11, 1931.

Boon Cason, of Portland, Or., for bankrupts.

NETERER, District Judge.

This matter comes before the court on report of the referee recommending dismissal of the petition, the court not having jurisdiction.

On the 15th of December, 1930, order of adjudication was entered upon the voluntary petition filed of even date, alleging principal place of business and residence of the bankrupts for the greater portion of the six months next immediately preceding the filing of the petition to be in this judicial district. Order of reference was duly made, and the referee immediately called the first meeting of creditors, and bankrupts appeared for examination pursuant to order of the court.

The referee, after examination of the bankrupts under oath, their attorney being in attendance, found that bankrupts in August, 1930, acquired a homestead in Multnomah county, Or., and established a domicile, and have since resided thereon, and in this proceeding claimed the same as exempt, that they had not resided elsewhere since said time, and reported the matter to the court, together with costs incurred, and recommended dismissal on the ground that the court had not jurisdiction, and also that the court make disposition of the fees deposited with the clerk pursuant to law and court rule.

On presentation of the report to the court on February 4, 1930, the matter was ordered placed on the motion calendar for hearing by the court on February 9, the regular motion day; and on the same day the attorney for the bankrupts was notified of such hearing by regular mail addressed to him at the McKay Building, Portland, Or.

The record clearly shows that the bankrupts had established a domicile in and were residents of the state of Oregon at the time of adjudication, and had maintained such domicile upon such residence since August, 1930, and had no principal place, or any place, of business elsewhere during that time.

Section 2, Bankruptcy Act 1898, provides that the bankruptcy courts are invested with jurisdiction within their respective districts to (1) "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. * * *" 11 USCA § 11(1).

It is obvious upon the record and the law that this court was, and is, without jurisdiction, and that the proceeding must be dismissed. I think it must follow, likewise, that the fees deposited for the clerk, referee, and trustee must be paid to the parties for whom deposited, and who rendered service. No trustee having been appointed, that deposit should be returned to the petitioners.

An order may be duly entered.